## Halteman v. Fidelity Phoenix Fire Insurance Company of New York.

(Decided November 10, 1925.)

Appeal from McCracken Circuit Court.

Insurance—Evidence Held Insufficient to Show Insurance Company Liable to Agent for Deferred Commissions, which had Been Charged Back and Later Collected.—Evidence showing that insurance company required agents to assume charged-back commissions arising on business written by their predecessors, and in return credited them with such deferred commissions when and if paid by insured, held insufficient to show company liable for deferred commissions paid to agent's successor, particularly in view of contract whereby agent's successor agreed to account for such deferred commission when credited through regular channel.

J. B. WICKLIFFE for appellant.

REED & BURNS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE— Affirming.

Appellant instituted this action to recover $2,175.00 alleged to be due him as "deferred commissions" under his contract with appellee as its agent at Paducah, Kentucky, from August 14, 1919, to September 1, 1922. Appellee denied that under its contracts with appellant and his successors the deferred commissions due the agency at Paducah from August 14, 1919, to September 1, 1922, were due appellant or that they amounted to $2,175.00 or

any sum in excess of $644.55. It alleged that this amount had been credited in accordance with its contracts with appellant and his successors to the agency in small amounts and as it became due, and that there was therefore nothing due the appellant or the agency. It filed with its answer an itemized statement of all involved charges and credits during that period. A reply completed the issues, the cause was transferred to equity and proof was taken by depositions. Upon a trial the chancellor dismissed the petition, except as to $75.00 for which judgment was given, and which is not now involved.

For reversal appellant insists that he should have had judgment for the $644.55 which the answer admitted and the itemized statement showed became due the agency during the involved period. Whether or not this is true is the only question presented for decision, since counsel for appellant concedes, as is clearly true, that he failed by his own evidence to make out a case for $2,-175.00 or any sum.

The pertinent and undisputed facts are these: Prior to March, 1919, appellant and one Singleton were appellee's agents at Paducah. When Singleton retired and appellant became sole agent a new contract was made with him and he therein expressly agreed to assume ''all charged-back commissions arising from policies lapsing, cancelled or otherwise written during the Singleton & Halteman agency.'' On October 24, 1921, appellant and John W. Counts were appointed appellee's agents and, in the new contract made with them, they assumed ''any returned commissions arising from policies lapsed, cancelled or otherwise on the business written by Singleton & Halteman and J. A. Halteman.'' On the 25th of August, 1922, T. C. Halteman and Chester M. Vance became appellee's agents at Paducah, and in the written contract with them they agreed to ''assume charged-back commissions arising from policies lapsing, cancelled or otherwise on business written by Singleton & Halteman, J. A. Halteman and Halteman & Counts prior to this date.''

It is therefore perfectly clear that under appellee's contracts with appellant and his successors as its agents at Paducah during the involved period, each succeeding agent became liable for all ''charged-back commissions'' that became due from any of his predecessors. These ''charged-back commissions'' are commissions advanced

the agent on premium notes and charged back to him when the notes become delinquent. These commissions are then called "deferred commissions" and are again credited to the agent when the notes are actually collected, less any expense incurred in the collection.

It is shown without contradiction that it is appellee's custom not only to require each new agent to assume all charged-back commissions due from his predecessors as was done here, but that the new agent as a consequence thereof receives credit for these commissions when actually collected; and that pursuing this custom the deferred commissions amounting to $644.55 were credited as due to the then agent.

Appellant's only attempt to combat this contention was to file his contract with Vance and to which appellee was not a party whereby it was agreed between them that all returned commissions that appellant had paid the company were to be due him "when paid by the assured to the company and credited through the regular channel."

Instead of showing a right upon appellant's part to demand these deferred commissions from the company when collected, this contract shows just the reverse; that appellant's right thereto is a right existing only between him and Vance and becomes enforceable against Vance only after the notes are paid by the assured to the company and not then until the commissions have been "credited through the regular channel," which means, of course, when credited to Vance under his contract with the company as its agent.

It follows the chancellor did not err in refusing to give appellant a judgment against appellee for the $644.55 of deferred commissions, and the judgment is affirmed.